WILLIAM BARNES v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Appellant.—122 S. W. (2d) 907.

Division One, December 20, 1938.

*T. M. Pierce, J. L. Howell* and *Walter N. Davis* for appellant.

*Thos. J. Neenan* for respondent.

GANTT, J.—Action for personal injuries sustained by plaintiff when the truck in which he was riding collided with defendant's engine at the intersection of O'Fallon Street and defendant's tracks in St. Louis. The case was submitted to the jury under the humanitarian rule on failure to either warn or slacken speed. Judgment for $12,500 and defendant appealed.

I. Error is assigned on the refusal to direct a verdict for defendant. It is contended that there was no substantial evidence to sustain either specification of negligence. There was evidence as follows:

The street extends east and west and the tracks extend north and south. The truck approached the tracks from the west. It was driven by Otis H. Faulkenbery, who was seated in the cab on the north side of the truck. Plaintiff was seated in the cab on the south side of the truck. The warehouse, located at the southwest corner of the intersection, obstructed the view of the tracks to the south until the front wheels of the truck were on or near the west rail of the first or west track. On reaching this point the driver stopped, or almost stopped the truck. He and plaintiff then looked to the south and saw defendant's engine headed north and standing still on the fourth track from seventy-five to one hundred feet south of the south line of the street. They then looked north and saw no movement of engines or cars. Thereafter they did not look either north or south. The driver then moved the truck across said tracks a distance of forty feet to the point of collision. Immediately after the truck started to move, defendant's agents started the engine

and moved it north to said street, a distance of from seventy-five to one hundred feet. Defendant gave no warning of the approaching engine. The engineer was seated on the east side of the engine, and could not see the truck moving east across the tracks. The fireman was seated on the west side of the engine. In this situation the defendant must be charged with knowledge, through its fireman, of the movement of the truck from a standing position to the point of collision. Clearly, the question of defendant's negligent failure to give a warning signal of the approaching engine was for the jury.

Furthermore, the engineer admitted that he stopped the engine within twenty feet after the fireman notified him of the approaching truck. Thus it appears that the engine moved from fifty-five to eighty feet from its starting point before the fireman notified the engineer that the truck was approaching. The front drawbar of the engine struck the cab of the truck, injuring plaintiff's leg. The truck was shoved north only five feet as the result of the collision. From this evidence the jury could find that the fireman did nothing to prevent injury to the plaintiff until the front of the engine was within fifteen or twenty feet of the point of collision. The jury also could find that if the fireman had promptly notified the engineer of the approaching truck, the engineer could have avoided the collision by slackening the speed of the engine as it moved from its starting point to within fifteen or twenty feet of the point of collision. We think the issue of slackening speed was properly submitted to the jury.

II. Error also is assigned on Instruction No. 1 requested by plaintiff. The instruction did not require the jury to find that defendant's employees saw or could have seen that plaintiff was oblivious to the approach of the engine. Even so, it did require the jury to find that said employees saw or could have seen that plaintiff was in a position of imminent peril. This was sufficient under the ruling of the majority in Perkins v. Terminal Railroad, 340 Mo. 868, 102 S. W. (2d) 915.

The judgment should be affirmed. It is so ordered. All concur.